UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| TONEY R. HOPKINS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 3:22-cv-00189 |
| v. | ) |
| | ) JUDGE RICHARDSON |
| SONYA TROUTT, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Plaintiff Toney R. Hopkins, a Tennessee resident, filed a pro se Complaint against Defendants Sonya Troutt, Hanna Bishop, Sumner County Jail, and Southern Health Partners. (Doc. No. 1.) Plaintiff also submitted an application to proceed in forma pauperis. (Doc. No. 2.) The application establishes that Plaintiff, a sixty-two year-old man, has a small monthly fixed income from government benefits that is wholly consumed by basic monthly expenses. *Id*. Moreover, Plaintiff has no cash, assets, or discretionary expenses. *Id*. Because Plaintiff cannot pay the full civil filing fee in advance without "undue hardship," *Foster v. Cuyahoga Dep't of Health and Human Servs.*, 21 F. App'x 239, 240 (6th Cir. 2001), the application (Doc. No. 2) is **GRANTED**. 28 U.S.C. § 1915(a).

The Court must review and dismiss the pro se Complaint if it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see also Ongori v. Hawkins*, No. 16-2781, 2017 WL 6759020, at *1 (6th Cir. Nov. 15, 2017) ("[N]on-prisoners proceeding in forma pauperis are still subject to the screening requirements of § 1915(e)."). Pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers and are liberally construed.

*Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97 (1976)). However, Plaintiff must comply with the Federal Rules of Civil Procedure and meet basic pleading requirements. *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004). On initial review, the Court applies the standard for Rule 12(b)(6) of the Federal Rules of Civil Procedure, *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010), to determine whether a plaintiff's factual allegations "plausibly suggest an entitlement to relief," *Williams*, 631 F.3d at 383 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009)), that rises "above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

The statute of limitations is an affirmative defense that a plaintiff "typically does not have to anticipate or negate" under Rule 12(b)(6). *Doe v. Rausch*, No. 3:20-cv-00728, 2022 WL 481240, at *2 (M.D. Tenn. Feb. 16, 2022) (citing Fed. R. Civ. P. 8(c)(1); *Cataldo v. U.S. Steel Corp.*, 676 F.3d 542, 547 (6th Cir. 2012)). However, threshold dismissal is appropriate if the allegations of a complaint "affirmatively show that [a] claim is time-barred." *Cataldo*, 676 F.3d at 547 (citing *Jones v. Bock*, 549 U.S. 199, 215 (2007)); *see also Rausch*, 2022 WL 481240, at *2 (explaining that a complaint may be dismissed under Rule 12(b)(6) if it is "apparent from the face of the complaint that the deadline for bringing the claim has passed") (citing *Vanderbilt Univ. v. Scholastic, Inc.*, 382 F. Supp. 3d 734, 761 (M.D. Tenn. 2019). If allegations in a complaint affirmatively show that the statute of limitations has run, the Court considers whether the plaintiff has "alleg[ed] facts showing that an exception . . . applies." *Rausch*, 2022 WL 481240, at *2 (citing *Reid v. Baker*, 499 F. App'x 520, 526 (6th Cir. 2012)).

The Complaint brings claims for alleged constitutional violations under 42 U.S.C. § 1983. (Doc. No. 1.) "The statute of limitations applicable to a [Section] 1983 action is the state statute of limitations applicable to personal injury actions under the law of the state in which the [Section]

2

1983 claim arises." *Eidson v. Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007). In Tennessee, the applicable limitations period is one year. *Haley v. Clarksville-Montgomery Cnty. Sch. Sys.*, 353 F. Supp. 3d 724, 730 (M.D. Tenn. 2018) (citing Tenn. Code Ann. § 28-3-104(a); *Howell v. Farris*, 655 F. App'x 349, 351 (6th Cir. 2016); *Hughes v. Vanderbilt Univ.*, 215 F.3d 543, 547 (6th Cir. 2000)); *Rausch*, 2022 WL 481240, at *2. The date on which the limitations period begins to run in a Section 1983 action is a question of federal law. *Eidson*, 510 F.3d at 635. "Ordinarily, the limitation period starts to run when the plaintiff knows or has reason to know of the injury which is the basis of his action." *Id*. In Section 1983 cases, courts look to "what event should have alerted the typical lay person to protect his or her right." *Howell*, 655 F. App'x at 351 (quoting *Eidson*, 510 F.3d at 635).

Based on the face of the Complaint, it appears that Plaintiff's claims concern events that occurred between May 23, 2019, and May 27, 2019, when he unsuccessfully sought medical care while incarcerated. *Id*. Because all of the events alleged in the Complaint occurred in Tennessee, the statute of limitations is governed by Tennessee law, meaning (as discussed above) that the limitations period for Plaintiff's Section 1983 claims is one year. It is also apparent from the Complaint that Plaintiff had contemporaneous knowledge of his alleged injuries and was, therefore, alerted of the need to protect his rights. *See Rausch*, 2022 WL 481240, at *2 (explaining that the limitations period for Section 1983 claims begins to run "when the plaintiff knows or has reason to know of the injury which is the basis of his action") (quoting *Johnson v. Memphis Light Gas & Water Div.*, 777 F.3d 838, 843 (6th Cir. 2015)); *see also Bruce v. Corr. Med. Servs., Inc.*, 389 F. App'x 462, 466-67 (6th Cir. 2010) (explaining that "discrete unlawful acts" of defendants "refusing medical care" trigger the running of the limitations period). The limitations period for Plaintiff's Section 1983 claims therefore began to run no later than May 27, 2019, and Plaintiff

thus was required to bring this action by June 5, 2020.[1] Plaintiff did not file the Complaint, however, until March 18, 2022—over twenty-one months late.

"Having borrowed [Tennessee's] statute of limitations . . . , [the Court] appl[ies] [Tennessee's] tolling statute, as long as the result is not inconsistent with federal law or policy." *Johnson v. Memphis Light Gas & Water Div.*, 777 F.3d 838, 845 (6th Cir. 2015) (citing *Bishop v. Children's Ctr. for Devel. Enrichment*, 618 F.3d 533, 537 (6th Cir. 2010)). It is apparent from the face of the Complaint that Plaintiff does not allege any ground for tolling the limitations period under Tennessee law, and the Court does not discern any potential basis for such equitable relief.[2] *Rausch*, 2022 WL 481240, at *2; *see also Roberson v. Macnicol*, 698 F. App'x 248, 250 (6th Cir. 2017) (noting that a plaintiff who fails to invoke Tennessee tolling rules "has forfeited any argument he might have had under those rules"). Absent tolling, the general rule in this circuit is that courts will not extend a limitations period "by even a single day." *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 561 (6th Cir. 2000); *see also Merriweather*

---

[1] Due to the COVID-19 pandemic, the Tennessee Supreme Court extended to June 5, 2020, the deadline to file claims that would have become time-barred between March 13, 2020, and May 31, 2020. "Order Modifying Suspension of In-Person Court Proceedings and Further Extension of Deadlines," No. ADM2020-0428 (Tenn. April 24, 2020); "Order Extending State of Emergency and Easing Suspension of In-Person Court Proceedings," No. ADM2020-00428 (Tenn. May 26, 2020); *see also Duventre v. Home Depot U.S.A., Inc.*, No. 2:20-cv-2905-SHM, 2021 WL 3745322, at *3 (W.D. Tenn. Aug. 24, 2021).

[2] The Tennessee Supreme Court has "consistently declined to recognize the doctrine of equitable tolling in civil proceedings." *Whitehead v. State*, 402 S.W.3d 615, 626 (2013); *Clark v. Clawson*, No. 3:20-cv-00230, 2021 WL 568017, at *3 (M.D. Tenn. Feb. 16, 2021). Instead, courts may only toll limitations periods in civil cases based on "the doctrines of equitable estoppel and fraudulent concealment." *Redwing v. Cath. Bishop for Diocese of Memphis*, 363 S.W.3d 436, 460 (Tenn. 2012). "[T]he doctrine of equitable estoppel tolls the running of the statute of limitations when the defendant has misled the plaintiff into failing to file suit within the statutory limitations period." *Id*. "Under the fraudulent concealment doctrine, the statute of limitations is tolled when 'the defendant has taken steps to prevent the plaintiff from discovering he [or she] was injured.'" *Id*. at 462 (alteration in original) (quoting *Fahrner v. SW Mfg., Inc.*, 48 S.W.3d 141, 146 (Tenn. 2001)). Plaintiff has not alleged that Defendants engaged in deceptive behavior that implicates the doctrines of equitable estoppel or fraudulent concealment, and the Court finds that neither doctrine is applicable here. Thus, there is no factual or legal basis on the face of the Complaint to justify tolling the limitations period for Plaintiff's claims based on actions that occurred in May 2019.

4

*v. City of Memphis*, 107 F.3d 396, 400 (affirming dismissal of Section 1983 complaint as time-barred because it "was filed one day late"). Accordingly, the Court finds that Plaintiff's Section 1983 claims are time-barred. *Jones*, 549 U.S. at 215; *Cataldo*, 676 F.3d at 547; *Rausch*, 2022 WL 481240, at *2.

Because Plaintiff fails to state a timely claim, the Complaint is **DISMISSED**. This is the final Order denying all relief in this case. The Clerk **SHALL** enter judgment. Fed. R. Civ. P. 58(b). Because an appeal would not be taken in good faith, Plaintiff is not certified to appeal the judgment in forma pauperis. 28 U.S.C. § 1915(a)(3).

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE